IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KURT TAYLOR, #216 804 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-1209-T (WO) |
| SHERIFF RAYMOND ROGERS, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Holman Correctional Facility located in Atmore, Alabama. In this 42 U.S.C. § 1983 action, he complains about events which occurred in November 2004 while he was confined at the Bullock County Jail in Union Springs, Alabama, for purposes of attending a court hearing. Specifically, Plaintiff, who has a prosthetic leg, alleges that Defendants violated his constitutional rights by requiring him to use the stairs in order to access the courtroom rather than allowing him to take the elevator. As a result, Plaintiff states that, while descending the stairs during a court recess, he tripped and tumbled down the stairway and had to be transported to the hospital for treatment of his injuries. Plaintiff does not request any specific relief from Defendants Sheriff Raymond Rogers, Sergeant L. Murray, and Sergeant Gary Lewis.

Upon consideration of the pleadings filed in this case, the court concludes that dismissal of

Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## DISCUSSION

On November 6, 2004 Defendant Rogers escorted Plaintiff from the Bullock County Jail to the Bullock County Courthouse for a court appearance. Because Plaintiff has difficulty walking up and down stairs due to his prosthetic leg, he asked Defendant Rogers if he could be escorted to the courtroom via the elevator instead of taking the stairs. Defendant Rogers denied the request. During a court recess, Plaintiff states that Defendants Rogers and Murray asked to see him. While descending the staircase at the courthouse, Plaintiff's "prosthesis was tripped," and he tumbled down the stairs, injuring his back, neck, left arm, and side. After receiving treatment in the emergency room of a local hospital, Plaintiff returned to the jail. Plaintiff alleges that Defendants exhibited deliberate indifference, ill will, and malice in the face of his disability by requiring him to take the stairs rather than the elevator and thereby intended to cause him injury. Plaintiff further contends that Defendants' conduct violated his rights under the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12132. (Doc. No. 1.)

The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, Plaintiff's claims with respect to not being allowed to use the stairs in the one instance in question at best shows only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety"). Similarly, Plaintiff fails to allege a cognizable violation of the ADA. *See Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).

Based on the foregoing, the court concludes that the alleged negligent actions about which Plaintiff complains do not rise to the level of a constitutional violation nor a violation under § 12132 and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before January 26, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE